UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Wright, <br> *a/k/a Anthony Lamar Wright,* <br><br> Plaintiff, <br><br> vs. <br><br> Southern Health Partners; Joanne Conley; Debra Brabham; Dr. Moore; Captain Chuck Frazier; Judy Rabon; Clinical Counselor Dennis; Clinical Counselor Strong; IGC James; Warden Bernard Mackie, <br><br> Defendants. | ) C/A No. 4:13-2451-TLW-TER <br> ) <br> ) <br> ) <br> ) REPORT AND <br> ) RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Anthony L. Wright (Plaintiff), proceeding pro se and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., the undersigned is authorized to review civil rights complaints filed by pro se litigants and submit findings and recommendations to the assigned District Judge. For the reasons that follow, it is recommended that the complaint be dismissed for failure to state a claim on which relief may be granted.

**STANDARD OF REVIEW**

The complaint is filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, upon the court's finding of *in forma pauperis* status. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A pro se litigant's complaint is held to a less stringent standard than those drafted by

attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim. *See Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however a district court may not rewrite a complaint to include claims that "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

## BACKGROUND

Plaintiff is no longer incarcerated, but his § 1983 complaint, although somewhat illegible, is clearly based on prison conditions. Plaintiff alleges that while he was jailed at the Colleton County Detention Center (detention center), starting in May of 2010, and then in the custody of the South Carolina Department of Corrections (SCDC), the defendants violated his constitutional rights by denying him proper healthcare, including necessary medication. He also alleges "Defendant Mackie is named for his self created policy to not allow the respecting of religious diet." ECF No. 1, p. 3. Plaintiff previously filed suit in this Court alleging the same issues of denial of proper healthcare and a religious diet. *See Wright v. Conley*, C/A No. 4:10-2444-TLW-TER. Plaintiff's prior case was dismissed on August 17, 2012, upon granting of the defendants' summary judgment

motion based on lack of exhaustion of administrative remedies. *Id.* Plaintiff now asserts that upon his release from prison his pending inmate grievances were terminated, making administrative exhaustion unavailable, so the requirement to exhaust available remedies is met[1] for his current civil rights action. ECF No. 1, p. 3.

In the complaint, Plaintiff sues five of the same defendants (Conley, Brabham, Moore, Frazier and Mackie), but also includes five additional defendants. Plaintiff alleges Defendant Frazier was "the Captain with authoritive say over the care provided" at the detention center. ECF No. 1, p. 4. Plaintiff asserts that he and his family cooperated by providing information about Plaintiff's need for prescribed medication, as well as the medication. *Id.* Also at the detention center, Defendants Conley and Brabham were "complained to at medical visits." *Id.* In connection with the detention center, Plaintiff additionally sues Defendant Southern Health Partners claiming "negligent medical care in their hiring of their unprofessional nurses." *Id.* Plaintiff also alleges that while in the custody of SCDC, "Defendants Dr. Moore, Judy Rabon, Clinical Counselors Dennis and Strong continued their unprofessional acts which injured" Plaintiff. *Id.* The final allegation of the complaint claims Defendant James caused Plaintiff "further suffer[ing] violations by the ignoring of her responsibility to all my grievance about such cruel injuring by all defendants." *Id.* Plaintiff requests for "this court to provide me a fair environment to seek justice from the defendants and all involved in my mentioned denial of my rights and this disabling." ECF No 1, p. 5.

---

[1] "The exhaustion of remedies requirement in the Prison Litigation Reform Act ('PLRA'), 42 U.S.C. § 1997e, does not apply to suits filed by former prisoners." *Byrd v. South Carolina Dept. of Corrections*, No. 5:11–3340–MGL, 2013 WL 5309759, at *2 (D.S.C. September 19, 2013), citing *Wilson v. Hampton Cnty.*, No. 9:05–1777–PMD, 2005 WL 297725, at *3 (D.S.C. Oct. 31, 2005) ("[I]n light of both the statutory language and the relevant case law from other circuits, the court holds that the exhaustion-of-remedies requirement in the PLRA does not apply to plaintiffs who file § 1983 actions after being released from prison.").

**DISCUSSION**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The complaint in this case is subject to review under § 1915, and it fails to provide sufficient factual allegations to state a claim for relief against the Defendants.

Plaintiff states his claims in broad terms, such as a "policy to not allow the respecting of religious diet" and "not receiving proper healthcare." ECF No. 1, p. 3. Although the court must liberally construe a pro se complaint, the Unites States Supreme Court instructs that a plaintiff must do more than make conclusory statements to state a claim. *See Iqbal*, 556 U.S. at 677–78; *see also Twombly*, 550 U.S. at 570. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Id.* The complaint contains no factual allegations concerning Plaintiff's claim for violation of his rights "respecting religious diet" through a policy created by Defendant Mackie. The complaint fails to state a claim against Defendant Mackie for denial of Plaintiff's right to practice his religion through diet.

Similarly, Plaintiff's broad claim of improper medical care is not sufficient to state a claim.

Although the complaint contains allegations against individual defendants concerning improper medical care, the allegations are not sufficient to establish the violation of a federal right by the individual. The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. *See Trulock v. Freeh,* 275 F.3d 391, 402 (4th Cir. 2001).

The complaint states Defendants Conley and Brabham "were complained to at medical visits," and liberal construction can infer the subject of his complaint was his medical care while at the detention center. But that inference is still too broad to state sufficiently specific factual allegations against each defendant on how their action or inaction denied Plaintiff's constitutional rights. The complaint does not contain specific allegations against Defendants Conley and Brabham that explain personal participation that would establish their individual liability for denial of a constitutional right while Plaintiff was incarcerated at the detention center.

Plaintiff also alleges that while in the custody of SCDC, "Defendants Dr. Moore, Judy Rabon, Clinical Counselors Dennis and Strong continued their unprofessional acts which injured" Plaintiff, "even after receiving prescriptions and explanations from an expert" neurologist. ECF No. 1, p. 4. Again, in context, one can infer that Plaintiff's claim of "unprofessional acts" refer to his medical care while in SCDC custody. The complaint, however, fails for the same reason of insufficiently specific factual allegations to establish individual liability of any of the Defendants regarding medical care. The complaint does not sufficiently explain personal participation of any of the Defendants in denying Plaintiff's federal rights, and so it fails to state a claim under § 1983.

Plaintiff concludes his statement of claims by alleging that "when I grieved the denial to my assigned inmate grievance coordinator, Defendant James, I was left further [sic] suffered violations

by the ignoring of her responsibility to all my grievance about such cruel injuring by all defendants." ECF No. 1, p. 4. Plaintiff's allegations do not establish violation of a federal right, because there is no constitutional right to participate in grievance proceedings. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). The allegation of failure to respond to Plaintiff's inmate grievances does not establish liability under § 1983 for violation of a constitutionally protected right, so the complaint fails to state a claim against Defendant James.

In as much as Plaintiff attempts to claim individuals such as Defendant Frazier, a Captain at the detention center, or Defendant Dr. Moore, a physician with SCDC, or any other defendant, is liable as a supervisor of individuals that violated Plaintiff's rights, the complaint fails to state a claim. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. 676. Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984). The complaint does not contain factual allegations that Defendant Frazier and Defendant Moore were personally responsible for Plaintiff's claims of improper medical care, other than possibly in a supervisory role. At most, Plaintiff implies that some Defendants were aware of Plaintiff's claim that proper medical care was not being provided by subordinates, but the complaint does not contain specifics of any individual action or inaction by these Defendants regarding the alleged constitutional violation. The complaint in this case fails to include sufficient factual allegations that any of the Defendants acted with deliberate indifference or tacit authorization to show liability as supervisors.

Plaintiff additionally sues Defendant Southern Health Partners claiming "negligent medical care in their hiring of their unprofessional nurses." ECF No. 1, p. 4.  Liberal construction of this stark statement could infer that Southern Health Partners provides medical care at the detention center as employers of the nursing staff, but the allegation still does not implicate liability under § 1983.  Southern Health Partners must act under color of state law[2] and violate a federal right to be liable under § 1983.  A claim of negligence perpetrated under color of state law does not implicate a federal right, thus Plaintiff's negligence claim is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (negligent failure to protect an inmate does not violate the Constitution).  Further, Plaintiff's claim against Southern Health Partners, in as much as it relies on liability based on alleged negligent actions of employees of the Defendant, fails to state a § 1983 claim.  A claim based upon the doctrine of respondeat superior, the employer's liability for the employee's actions, does not give rise to a § 1983 claim.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978).

Even if the complaint could be liberally construed as containing sufficient factual allegations against any of the Defendants to state a plausible claim, Plaintiff fails to state the relief he seeks from the Defendants.  An action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  The complaint states for relief that Plaintiff "would like this court to provide [him] a fair environment to seek justice from the defendants and all involved in [his]

---

[2] To the extent that Defendant Southern Health Partners, presumably a private company, could have a contract with a government entity to provide medical care to prisoners at the county jail, the possibility of acting under color of state law exists to create liability under § 1983. *Rhea v. Gerold*, No. 09–818, 2009 WL 1346139, at *3 (D.S.C. May 12, 2009) (addressing claims against private Care Center by using § 1983 analysis); *cf.*

mentioned denial of [his] rights and this disabling." ECF No 1, p. 5. Plaintiff does not explain what tangible form of "justice from the defendants" he requests as relief. Even liberally construed, the complaint filed in this case is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the District Judge dismiss the complaint without prejudice and without issuance and service of process.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 27, 2014  
Florence, South Carolina

The plaintiff's attention is directed to the notice on the following page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).